**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dwayne Pitre,                        )
                                     )
            Petitioner,              )      No. CV-12-00249-PHX-PGR (FJM)
                                     )
      vs.                            )              <u>ORDER</u>
                                     )
Tara Diaz, et al.,                   )
                                     )
            Respondents.             )
                                     )

      Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Metcalf in light of Petitioner's Objections to Report and Recommendation (Doc. 23), which the petitioner filed through counsel[1], the Court finds that the Magistrate Judge correctly determined that the petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2254, should be denied on the ground that none of the four claims raised by the petitioner are meritorious, and the Court rejects all of the petitioner's objections to the contrary.[2]

---

[1]      The Court notes that the petitioner obtained counsel subsequent to the filing of the Report and Recommendation.

[2]      It is undisputed that all of the petitioner's claims were timely filed and properly exhausted.

In his Ground One, the petitioner alleges that he was given enhanced and aggravated sentences in violation of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The trial court enhanced the petitioner's sentences based on the petitioner having two prior felony convictions and aggravated his sentences based on two other prior felony convictions and other aggravating factors; the petitioner had admitted his four prior felony convictions at a voluntariness hearing.  The Court agrees with the Magistrate Judge that the Arizona Court of Appeals did not unreasonably apply clearly established federal law in determining that the petitioner's prior felony convictions were properly used by the trial court as an aggravating circumstance sufficient to permit sentencing within the statutory aggravated sentencing range for each count.[3]

In his Ground Two, the petitioner alleges an ineffective assistance of counsel claim based on his trial counsel's failure to call an eyewitness, Ms. Felix, for the purpose of challenging the identification of the petitioner as the perpetrator made by one of the police officer witnesses.  The Court agrees with the Magistrate Judge that the petitioner has not established that the state court's determination that he had failed to establish the prejudice required by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), was an unreasonable determination of the facts or an unreasonable application of or contrary to federal law given that there is no reasonable possibility that the outcome of the trial would have been changed by Ms. Felix's  proffered testimony, which was in effect cumulative to that of a different police officer witness, in light of the testimony of other non-police eyewitnesses/victims who identified the

---

[3]     The petitioner was convicted of 14 felonies stemming from the robbery of a grocery store, which included five counts of armed robbery, five counts of kidnaping, three counts of aggravated assault, and one count of vehicle theft; he was sentenced to a total of 160 years in prison.

petitioner as the perpetrator.

In his Ground Three, the petitioner alleges another ineffective assistance of counsel claim based on the failures of his trial and appellate counsel to challenge the discretionary decision made by the trial court to sentence him as a non-dangerous repeat offender notwithstanding the jury's finding of dangerousness; the trial court's election of this sentencing option resulted in a higher sentencing range under an anomaly in state law, *i.e.* 28 years incarceration per count as opposed to 21 years per count.  The Court agrees with the Magistrate Judge that the petitioner has not established that the state courts improperly applied the <u>Strickland</u> standard given that any objection by counsel would have been futile since state law clearly permitted the trial court to sentence the petitioner in the manner that it did.

In his Fourth Ground, the petitioner alleges another ineffective assistance of counsel claim based on his trial counsel's failure to properly advise him of his potential maximum sentencing exposure during plea discussions. The Arizona Court of Appeals rejected this claim on the ground that the prejudice prong of the <u>Strickland</u> test was not met because the petitioner had not shown that there was a reasonable probability that he would have accepted the plea offer, which would have involved up to 21 years in prison, but for his counsel deficient performance.  In so ruling, the state appellate court noted that the trial court's evidentiary hearing established that the petitioner's adamant position during plea negotiations was that he was not interested in any plea agreement that required prison time, that the petitioner never testified that he would have accepted the plea offer had he been properly advised about the maximum sentence, and that his counsel had advised him that he could be sentenced to somewhere over 100 years in prison and would certainly spend the rest of his natural life in prison.  The Court agrees with the

Magistrate Judge that the state appellate court's finding that the petitioner was not prejudiced by his counsel's performance during the plea negotiations stage involved a reasonable application of Strickland based on a reasonable determination of the facts.  The petitioner's contention in his objections that there is no reason why he would not have taken a plea to a sentence capped at 21 years if he had been properly informed about his maximum sentence exposure is simply speculative in light of the evidence of record.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 15) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of habeas Corpus by a Person in State Custody is denied and that this action is dismissed.  The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that no certificate of appealability shall be issued and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner has not made a substantial showing of the denial of a constitutional right in that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his constitutional claims to be debatable or wrong.

DATED this 24th day of April, 2013.

Paul G. Rosenblatt
United States District Judge

- 4 -